UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

PERRY ENDSLEY,
    *PLAINTIFF*
    *V.*

CASE NO:

NOACK LAW FIRM PLLC
    *DEFENDANTS*

COMPLAINT

1. Plaintiff Perry Endsley complains of Defendant Noack Law Firm PLLC for unlawful debt collection under the Federal Debt Collection Practices Act and the Texas Debt Collection Act.

A.    INTRODUCTION

2. This is an action for statutory, actual and punitive damages, and attorney's fees and costs filed by the plaintiff for the failure of the defendant to comply with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq. and Texas Debt Collection Act.

3. Defendants, lawyers representing a creditor of Plaintiff, had offered a settlement demand which was accepted by Plaintiff. However, defendants failed to take payment from Plaintiff and instead, waited and then garnished his bank accounts for more than the settlement – the garnished amount was even higher than the initial amount sought which Mr. Endsley had previously settled.

B. JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5.  Venue in this Court is proper pursuant to 28 U.S.C. §1391.  The events giving rise to this controversy occurred in Harris County, Texas, which is located in the Southern District of Texas, Houston Division.

6.  This Court has supplemental jurisdiction to hear all state law and FDCPA claims pursuant to 28 U.S.C. § 1367.

C.     PARTIES

7.  Plaintiff, Perry Endsley is a natural person who resides in San Patricio County, Texas and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed and tried to settle.  She can be reached through Counsel.

8.  Defendant Noack Law Firm PLLC is a collection law firm and corporation domiciled in San Antonio, Texas and doing business throughout Texas.  They can be served by service on their registered agent, Registered Agent Solutions, Inc. at Corporate Center One, 5301 Southwest Pkwy, Suite 400, Austin, Texas 78735.  Noack Law Group PLLC acts as a debt collector, as defined by § 1692a of the FDCPA and both a debt collector as well as a "third party debt collector" under the Texas Debt Collection Act, because it regularly uses the court system, the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Texas. In fact, Noack Law Group PLLC was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

9.  In the event any parties are misnamed or not included herein it is
    plaintiff's contention that such was a misidentification, misnomer,
    and/or such parties are/were alter egos of parties named here in.
    Alternatively, plaintiff contends such corporate veils should be pierced
    to hold such parties properly included in the interest of justice.

10. This Court has supplemental jurisdiction to hear all state law and
    FDCPA claims pursuant to 28 U.S.C. § 1367.

D. Facts

*Defendant Noack Law Group PLLC represented Fifth Third Bank in a debt
suit against Mr. Endsley and they came to a post-judgment settlement*

11. On March 7, 2022, Mr. Perry Endsley was served with a lawsuit case
    No. JC4-9808-22 in San Patricio County whereby he was sued for an
    alleged debt.  Fifth Third Bank N.A. sued him and the bank was
    represented by Noack Law Firm PLLC.

12. Mr. Endsley's alleged debt to Fifth Third Bank was a consumer debt
    under the law, as it was taken out for household and personal
    expenses.

13. Due to financial situations beyond her control, Mr. Endsley had not
    been able to keep up the payments on his loan and now he was sued
    on it.  Fifth Third Bank was able to get a judgment against Mr. Endsley.

14. Mr. Endsley had attorneys who negotiated a settlement agreement
    with Fifth Third Bank as represented by the Noack Law Firm.  Mr.
    Endsley would pay $7000 and the remainder of the amount allegedly
    owed would not be collected by Fifth Third Bank N.A.

15. The settlement agreement was drafted by Noack Law Firm PLLC and
    included terms they wanted, such as a requirement that the settlement

be autodrafted from Mr. Endsley's bank account.  The agreement was done on or around November 15, 2023.

16. The signed copy of the settlement agreement was faxed to the Noack Law Firm, but no money was taken out of Mr. Endsley's account.  Staff from the law firm representing Mr. Endsley contacted Noack Law Office PLLC repeatedly, asking how could Mr. Endsley provide the funds as none had been autodrafted.

17. The settlement agreement provided no way to send a check or wire transfer – no information to whom a check should be directed nor an address where it should be sent so Mr. Endsley was stuck waiting and trying to communicate with the Noack Firm to find someone to take the settlement payment.

18. Months went by and still Mr. Endsley and his law firm could not get a response from Noack Law Firm relating to the agreed settlement.  Mr. Endsley wanted to pay the settlement amount or at least know what was wrong; however, all attempts to communicate went no where.

19. Unbeknownst to Mr. Endsley or his law firm, Defendants had requested that the court appoint a receiver to attempt and collect non-exempt property.  On February 1, 2025 The court appointed Linda Gimbel as a receiver to collect from Mr. Endsley.

20. On February 28, 2025, Mr. Endsley was shocked to find that the business account at Wells Fargo – the account who's information had been provided to Noack Law Firm to have the payment on settlement drafted out – was frozen along with a personal account of his at Wells Fargo and even worse, an account belonging to his Mother was also frozen!  (Perry Endsley and his brother were authorized signatories on their mother's account to assist her in paying her bills, but it was all her money and did not belong to Mr. Endsley.)

21. Mr. Endsley learned that a receiver had been appointed in order to take out a total of $19,577 from his account.  This was not only over the settlement amount of $7000, but well over the judgment that he had initially settled as even with interest, it was closer to $15,549 but the remaining $3,899.31 was the payment for the receiver hired by Fifth Third to take his money despite his efforts to have them honor their settlement agreement.

22. The receiver's office did not seem to know that Mr. Endsley had attorneys in the underlying debt lawsuit, much less did they know there had been a settlement.

23.  The receiver sent him a certified letter explaining what the money was for – it was to pay off the judgment and accumulated interest from the Fifth Third Bank judgment.  However, Mr. Endsley had settled this judgment!

24. Mr. Endsley's attorney assisted him in preparing paperwork to file with the court to have the receiver at the very least release his mother's money.

25. In addition, Mr. Endsley's attorney sent a letter to the Noack Law Firm on or about stating:" Good afternoon,

> I am attaching a copy of Defendant's answer from the underlying suit brought on behalf of Fifth Third Bank by the Noack law firm.  Ciment Law Firm represented Mr. Endsley in that case in and a successful settlement was reached.  I am attaching a copy of the forbearance settlement agreement signed by all parties.

> Unfortunately, this is where it seems to have gone awry.  The settlement was for the Noack firm to autodraft money

monthly from Mr. Endsley's Wells Fargo bank account until
the settlement amount was reached, and the settlement
amount was (perhaps obviously) much less than the total
judgment.

However, despite multiple communications from both this
law firm and Mr. Endsley, the money was not taken from his
account.  Then Ms. Gimbel was appointed as receiver and
capably took the entire judgment plus interest from his two
bank accounts as well as from an account which belonged to
his mother.  That account includes mainly, if not only, her
social security funds.  Mr. Perry Endsley and his brother were
added to the account only to assist their elderly
mother.  None of the funds in that account belonged to him
and he only used the account to assist his mother in paying
some bills electronically.

The issue of the mother's account can be dealt with, if
necessary, with the exemption form which Mr. Endsley is
preparing (he will also use that to explain the funds belonged
to a third person who was not liable on the
judgment).  However, the issue of the settlement is more
complicated.  If we could get that settlement back on track,
and quickly, then there would be no need for further
involvement of Ciment Law Firm and that would be
wonderful.  Please reach out with any questions or concerns
so we can get the settlement back on track.  Thank you so
much and have a lovely day!"

26.  Unfortunately, Mr. Endsley's attorney's office was not able to work
out the matter with the Noack Law Firm.  The Noack firm stated there
were deadline issues (despite that not being in the settlement

agreement itself) and that they had been contacted only once but never were payments made.  (Mr. Endsley himself and the staff at Ciment Law Firm had both been contacting them after the failure to take the payment from Mr. Endsley's stuff.)

27. To this date, Mr. Endsley has not had his funds returned.  This garnishment of money that should not have been owed is a violation of the Fair Debt Collection Practices Act.

28. These events have injured Mr. Endsley in that he lost the money he needed for his business as well as from his personal account.  This was not just inconvenient, it put him over the edge financially.  In addition, he spent money on attorneys and the time he spent attempting to have his settlement be paid and then the time in dealing with helping his mother get her funds returned as well as the pain and embarrassment from his mother's funds being garnished as well as his

29. Mr. Endsley seeks actual damages, $1000 statutory damages and reasonable attorney fees and costs to which he is entitled.

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1692C(A)(2)**

*Against Defendant West Law Group PLLC*

30. For Plaintiff to succeed on her FDCPA claims, she must satisfy three prerequisite requirements: Plaintiff must be a "consumer", and Noack Law Firm must be a "debt collector" that sought to collect a "debt" from Plaintiff, as these terms are defined by the FDCPA.

31. Section 1692a(3) provides the following definition for "consumer": any natural person obligated or alleged obligated to pay any debt.

32. Here, Plaintiff is a natural person allegedly obligated to pay a debt to Fifth Third Bank..

33. Section 1692a(6) provides the following definition for "debt collector ":..any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

34.  Noack Law Firm is a collection law firm who collect debts through communications with consumers as well as by filing lawsuits.

35. Section 1692a(5) provides the following definition for "debt":..any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

36. The alleged obligation arises from a payday loan that was accumulated through borrowing money for personal, family and household purchases.

37.  All three prerequisite requirements are thus easily satisfied.

38.  In taking the foregoing actions, Defendant Noack Law Firm, violated 15 U.S.C. § 1692e, which provides in relevant part, the following:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...

(2) The false representation of– (A) the character, amount, or legal

status of any debt; or . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), (5), (10).

39.  Defendant's actions also violated § 1692f – any unfair or unconscionable means to collect or attempt to collect the alleged debt.

40. Defendant's actions are a violation of § 1692f(6) "Taken of threatened to unlawfully repossess or disable the consumer's property." Here, the property was Mr. Endsley's two bank accounts as well as that belonging to his mother!  Noack Law Firm convinced the court that a receivership should be appointed and this receiver then, on instruction of Noack Law Firm, froze two of Mr. Endsley's bank accounts as well one belonging to his mother!

41. Defendant's actions were the proximate cause of actual and economic damages to Plaintiff, including out-of-pocket damages and emotional distress.

42. Plaintiff seeks not only his actual damages but also statutory damages and attorney fees and costs as allowed by law.  The FDCPA is a strict liability statute that allows for the award of statutory damages in an amount not exceeding $1,000 upon a finding of violation. 15 U.S.C. § 1692(k)(a).

### JURY DEMAND

43. Plaintiff respectfully requests a jury trial.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

    (a) For actual damages, including economic harm and mental anguish;

    (b) For statutory damages;

    (c) For pre-judgment interest to the extent permitted by law;

    (d) For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;

    (e) For such other or further relief as the Court deems proper.

        Respectfully submitted,

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Filing email:  cpfiling@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
ATTORNEY FOR PLAINTIFF
Perry Endsley