UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **PERRY ENDSLEY,** | Case No. 2:26-cv-00058-dsm |
| *Plaintiff,* | |
| v. | |
| **NOACK LAW FIRM PLLC,** | |
| *Defendant.* | |

## JOINT REPORT OF THE PARTIES' RULE 26(F) CONFERENCE AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), the Standing Order of the United States District Court for the Southern District of Texas, and this Court's Order for Initial Pretrial Conference, the parties submit the following Joint Report of Their Rule 26(f) Conference and Joint Discovery/Case Management Plan. The information set forth herein is based on the pleadings filed to date and counsels' knowledge of the case.

**1. State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

The Rule 26(f) Conference of the Parties was held on May 7, 2026 at approximately 2:45 p.m. via telephone.  The following counsel attended on behalf of each respective party:

For Plaintiff Perry Endsley: Amy Beth Clark, TX Bar No. 24043761, Ciment Law Firm, PLLC, 221 Bella Katy Dr., Katy, Texas 77494; Tel: 210-294-9273; Email: amy@cimentlawfirm.com.

For Defendant Noack Law Firm PLLC: Xerxes Martin, Bar No. 24078928, Martin Golden Lyons Watts Morgan PLLC, 8750 N. Central Expressway, Suite 1850, Dallas, Texas 75231; Tel: 214-346-2628; XMartin@mgl.law

**2. List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

The following related action is known to Plaintiff at this juncture, but judgment was rendered prior to the filing of this matter.

Style: *Fifth Third Bank N.A. v. Perry Endsley*; Case No.: JC4-9808-22; Court: Justice Court, San Patricio County, Texas; Brief Description: This is the underlying state-court debt collection action in which Fifth Third Bank N.A., represented by Defendant Noack Law Firm PLLC, obtained a monetary judgment against Plaintiff. The parties executed a post-judgment forbearance settlement agreement, and it was Defendant's subsequent actions in seeking appointment of a receiver and effectuating the garnishment of Plaintiff's bank accounts—notwithstanding the existence of the settlement agreement—that give rise to this matter.

Plaintiff reserves the right to supplement this response as additional related proceedings become known through the course of discovery.

**3. Briefly describe the pertinent facts and legal theories upon which the present action is based.**

PERTINENT FACTS: Plaintiff Perry Endsley is a consumer who was sued by Fifth Third Bank N.A. in state court (Case No. JC4-9808-22, San Patricio County) for an alleged consumer debt. Fifth Third Bank N.A. was represented in that proceeding by Defendant Noack Law Firm PLLC, a debt collector as defined under 15 U.S.C. § 1692a(6) and the Texas Debt Collection Act ("TDCA").

Following the entry of a money judgment against Plaintiff, the parties entered into a post-judgment forbearance settlement agreement on or about November 15, 2023, whereby Plaintiff agreed to pay the sum of $7,000.00—an amount substantially less than the total judgment—to be autodrafted by Defendant from Plaintiff's Wells Fargo bank account. The settlement agreement was drafted exclusively by Defendant, included autodraft as the sole mechanism of payment, and contained no alternative remittance instructions. Plaintiff executed the agreement and transmitted the signed copy to Defendant via facsimile.  Defendant argues that Plaintiff submitted the agreement past the agreed-on date; although no such date is present in the settlement agreement.

Defendant failed to autodraft any funds from Plaintiff's account. Plaintiff and his counsel, Ciment Law Firm, PLLC, made multiple attempts to contact Defendant to facilitate payment; however, all communications went unanswered.

Without notice to Plaintiff or his counsel, Defendant petitioned the state court for appointment of a receiver.  A receiver, who was not told of the settlement, was appointed and garnished (i) Plaintiff's business account at Wells Fargo; (ii) Plaintiff's personal account at Wells Fargo; and (iii) an account belonging solely to Plaintiff's elderly mother—in which Plaintiff and his brother were merely authorized signatories for the purpose of assisting their mother with bill payment—collecting a total sum of approximately $19,577.00. This sum exceeded not only the agreed settlement amount of $7,000.00 but also the original judgment amount (approximately $15,549.00), the excess consisting of receiver's fees of approximately $3,899.31.

LEGAL THEORIES: Plaintiff asserts the following causes of action:

(a) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2)(A): Defendant made false representations concerning the character, amount, or legal status of the debt by collecting an amount—including post-settlement interest and receiver's fees—far in excess of any legally cognizable obligation, particularly in light of the operative settlement agreement.

(b) Violation of 15 U.S.C. § 1692e(5) and (10): Defendant threatened and undertook collection actions that it was not legally entitled to take given the existence of a valid and binding settlement agreement, employing false, deceptive, and misleading means to collect an alleged debt.

(c) Violation of 15 U.S.C. § 1692f: Defendant employed unfair and unconscionable means to collect the alleged debt, including by orchestrating the garnishment of the accounts of a third party (Plaintiff's mother) who had no liability on the underlying judgment.

(d) Violation of 15 U.S.C. § 1692f(6): Defendant took or threatened to take non-judicial action to effectuate dispossession of Plaintiff's property (his bank account funds) without a legal right to do so, given the settlement agreement.

(e) Violations of the Texas Debt Collection Act ("TDCA"): To the extent Defendant's conduct constitutes violations of the parallel provisions of the TDCA, Plaintiff asserts such supplemental state law claims pursuant to 28 U.S.C. § 1367.

## 4. Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree with the allegation. If the parties disagree, indicate the nature of the disagreement.

Plaintiff alleges that this Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1692k(d), which expressly vests jurisdiction in United States District Courts over FDCPA claims. Plaintiff further invokes the supplemental jurisdiction of this Court over all pendent state law claims, including claims arising under the TDCA, pursuant to 28 U.S.C. § 1367.

Defendant's position on federal jurisdiction: Defendant does not contest federal jurisdiction at this time.

## 5. List any additional parties who may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) and TEX. R. CIV. P. 194.2(b).

Plaintiff may seek to add the following additional parties, depending upon information obtained through initial disclosures and discovery:

(a) Fifth Third Bank N.A.: As the creditor on whose behalf Defendant was acting as debt collector, Fifth Third Bank N.A. may bear direct or vicarious liability for the unlawful collection activities complained of herein. Plaintiff reserves the right to join Fifth Third

Bank N.A. as a defendant within the deadline for joinder of parties as established by the Court's Scheduling Order.

Plaintiff requests that any deadline for the joinder of additional parties be set no earlier than ninety (90) days following the Initial Pretrial Conference. This is not a diversity jurisdiction case; accordingly, the disclosure requirements of TEX. CIV. PRAC. & REM. CODE § 33.004(d) are not directly implicated.

**6. List any anticipated interventions.**

At this juncture, Plaintiff is unaware of any third party that intends to intervene in this action. Plaintiff reserves the right to supplement this response if intervening parties become known during the course of litigation.

Defendant is unaware of any anticipated interventions.

**7. If this is a class action, describe any issues regarding certification of the class.**

This action is not presently styled as a class action. Plaintiff Perry Endsley brings this suit solely in his individual capacity.

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff Perry Endsley: Plaintiff's counsel represents that Plaintiff has not yet served initial disclosures. Plaintiff anticipates serving his Rule 26(a)(1) initial disclosures within fourteen (14) days following the Rule 26(f) Conference, in accordance with the Federal Rules.

Defendant Noack Law Firm PLLC: Defendant anticipates serving its Rule 26(a)(1) initial disclosures within fourteen (14) days following the Rule 26(f) Conference, in accordance with the Federal Rules.

**9. Describe the proposed discovery plan the parties have agreed upon, including:**

The following proposed discovery plan reflects agreement by the Parties:

**A. Responses to all matters raised in Rule 26(f):**

(i) Subjects of Discovery: Plaintiff's discovery will address the nature, terms, and execution of the November 2023 forbearance settlement agreement; Defendant's internal communications and records relating to Plaintiff's account; all communications between Defendant and the state court, the receiver Linda Gimbel, and Fifth Third Bank N.A.; all bank account records reflecting the garnishment; all records regarding the appointment of the receiver; and all communications between Plaintiff's counsel and Defendant.

Defendant's discovery will address the facts behind Plaintiff's allegations, any fact witnesses identified by Plaintiff, and Plaintiff's damages, if any,

(ii) Electronically Stored Information ("ESI"): The parties anticipate that electronically stored information, including emails, internal case management system records, facsimile logs, and electronic payment records, will be relevant. The parties shall negotiate a mutually agreeable ESI protocol within thirty (30) days of the Rule 26(f) Conference. Production of ESI shall be made in reasonably accessible formats.

(iii) Privilege and Protective Order: The Parties anticipate Defendant may assert, trade secret, attorney-client privilege or work product protection over certain processes and internal communications. The parties shall negotiate a proposed protective order and submit it to the Court within thirty (30) days of the Rule 26(f) Conference.

(iv) Limitations on Discovery: The Parties do not presently seek modification of the standard limitations on discovery set forth in the Federal Rules of Civil Procedure. Any modifications shall be addressed with the Court if the parties are unable to reach agreement.

### B. When and to whom Plaintiff(s) anticipate(s) sending interrogatories:

Plaintiff anticipates serving written interrogatories and Request for Production upon Defendant Noack Law Firm PLLC within thirty (30) days of the entry of the Court's Scheduling Order. Interrogatories will address, inter alia: Defendant's policies and procedures for autodraft payment arrangements; Defendant's internal records relating to the Endsley account; all persons at Defendant who had knowledge of the settlement agreement; Defendant's communications with Fifth Third Bank N.A. regarding the settlement; and Defendant's decision-making process in seeking appointment of the receiver.

### C. When and to whom Defendant(s) anticipate(s) sending interrogatories:

Defendant anticipates sending interrogatories to Plaintiff within thirty (30) days of the Rule 26(f) Conference.

### D. When and from whom Plaintiff(s) anticipate(s) taking oral depositions:

Plaintiff anticipates taking the oral depositions of the following individuals after the initial disclosures have been exchanged:

(i) The Noack Law Firm PLLC corporate representative(s) most knowledgeable regarding: (a) the settlement agreement at issue; (b) the autodraft payment process; (c) the decision to seek appointment of a receiver; and (d) all communications with Plaintiff's counsel;

(ii) Linda Gimbel, the court-appointed receiver;

(iii) Representative(s) of Fifth Third Bank N.A. with knowledge of the settlement;

(iv) Any additional witnesses identified in initial disclosures or through written discovery.

### E. When and from whom Defendant(s) anticipate(s) taking oral depositions:

Defendant anticipates taking the oral depositions of Plaintiff Perry Endsley and any fact witnesses identified by Plaintiff

**F. Expert witness designations and reports:**

Plaintiff (party with the burden of proof): Plaintiff anticipates that expert testimony may be required on the issue of damages, including financial harm and emotional distress. Plaintiff proposes to designate all testifying experts and serve expert reports compliant with Fed. R. Civ. P. 26(a)(2)(B) no later than one hundred twenty (120) days prior to the trial date.

Defendant (opposing party): Defendant shall designate responsive experts and serve rebuttal expert reports no later than sixty (60) days after Plaintiff's expert designation deadline.

**G. Expert depositions Plaintiff anticipates taking and anticipated completion date:**

Plaintiff anticipates taking the depositions of all experts designated by Defendant. All expert depositions shall be completed no later than thirty (30) days before the dispositive motion deadline.

**H. Expert depositions Defendant anticipates taking and anticipated completion date:**

Defendant anticipates taking the depositions of all experts designated by Plaintiff. All expert depositions should be completed no later than thirty (30) days before the dispositive motion deadline.

**10. If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties are in agreement as to the discovery plan.

**11. Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

As of the date of this filing, no formal written discovery has been served by either party in this action. The action was initiated by Plaintiff's Original Complaint filed February 25, 2026. The following pre-litigation investigation and evidence gathering has been conducted by Plaintiff:

(a) Review and preservation of the forbearance settlement agreement executed on or about November 15, 2023;

(b) Review and preservation of all correspondence between Ciment Law Firm, PLLC, and Defendant relating to the failed autodraft and proposed settlement;

(c) Review and preservation of all bank records and documentation relating to the receivership and garnishment of Plaintiff's accounts;

(d) Review and preservation of the certified letter received from the receiver, Linda Gimbel;

(e) Documentation of the state court proceedings, including the receiver appointment order dated February 1, 2025,

(f) Discussion and gathering of information regarding damages.

**12. State the date the planned discovery can reasonably be completed.**

The Parties propose that all fact discovery, including written discovery and depositions, be completed within one hundred eighty (180) days of the entry of the Court's Scheduling Order. Plaintiff further proposes that expert discovery be completed within sixty (60) days following the close of fact discovery. Accordingly, the Parties propose a total discovery period not exceeding two hundred forty (240) days from the entry of the Scheduling Order. Specific deadlines should be established by the Court at the Initial Pretrial Conference.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**

The Parties believe that this case is well-suited for resolution through mediation or other alternative dispute resolution ("ADR") mechanisms, given that the core dispute centers upon a settlement agreement that was already negotiated and executed between the parties, and that the principal relief sought—restitution of improperly garnished funds and statutory damages—is quantifiable.

Plaintiff's counsel has already communicated the substance of these claims to Defendant in pre-litigation correspondence and a post-litigation demand. The parties have not, as of the date of this filing, engaged in a formal settlement conference. Defendant is currently investigating the claims to respond to Plaintiff's demand.

The Parties propose that the parties participate in a formal mediation session before a mutually agreed-upon, Court-approved mediator within ninety (90) days of the entry of the Court's Scheduling Order, or at such other time as the Court deems appropriate.

Plaintiff anticipates providing a formal written settlement demand to Defendant within thirty (30) days of the Rule 26(f) Conference.

**14. If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)**

The Parties do not consent to a trial before a Magistrate Judge.

**15. State whether a jury demand has been made, and if so, whether it was made on time.**

Yes. Plaintiff Perry Endsley has timely demanded trial by jury. The jury demand was included in Plaintiff's Original Complaint filed February 25, 2026, which is the initial pleading in this action. Accordingly, the jury demand is timely under Federal Rule of Civil Procedure 38(b)(1).

**16. Specify the combined total number of hours it will take both parties to present the evidence in this case.**

The Parties estimates that the presentation of evidence at trial will require four to five combined hours, depending upon the number and scope of witnesses called by both parties and the volume of documentary evidence admitted. This estimate is preliminary and subject to revision as the case develops through discovery. The Parties propose that the Court allocate trial time as follows: eight (8) hours per side. The actual trial time needed will be more precisely estimated following the close of discovery and the filing of any dispositive motions.

**17. List pending motions that could be ruled on at the Initial Pretrial Conference.**

As of the date of this filing, there are no pending dispositive or non-dispositive motions that have been briefed and are ready for ruling. Defendant has not yet appeared through counsel of record.

**18. List other pending motions.**

There are currently no other pending motions in this action.

**19. Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.**

Plaintiff respectfully brings the following matters to the Court's attention for consideration at the Initial Pretrial Conference:  ESI AND DOCUMENT PRESERVATION: Given that Defendant is a law firm with potentially extensive electronic records regarding the Endsley account, Plaintiff requests that the Court order both parties to implement litigation holds and preserve all potentially relevant ESI forthwith.

**20. Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.**

Plaintiff Perry Endsley, through undersigned counsel, certifies that Plaintiff filed his Certificate of Interested Parties on May 5, 2026 which is late in accordance with the Court's Order for Conference and Disclosure of Interested Parties.  Plaintiff is not a corporation, LLC, or partnership and has no interested parties outside of the parties named in the Complaint and their counsel.

Defendant's Certificate of Interested Parties: Defendant will file its Certificate of Interested Parties by May 7, 2026.

**21. List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.**

COUNSEL FOR PLAINTIFF PERRY ENDSLEY:

Amy Beth Clark Texas Bar No. 24043761 Ciment Law Firm, PLLC 221 Bella Katy Dr. Katy, Texas 77494 Telephone: 833-663-3289 Facsimile: [TO BE CONFIRMED] Email: amy@cimentlawfirm.com Filing Email: cpfiling@cimentlawfirm.com

COUNSEL FOR DEFENDANT NOACK LAW FIRM PLLC:

Xerxes Martin, Bar No. 24078928, Martin Golden Lyons Watts Morgan PLLC, 8750 N. Central Expressway, Suite 1850, Dallas, Texas 75231; Tel: 214-346-2628; XMartin@mgl.law

By each of the signatures below, counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order, and that the information provided herein is, to the best of undersigned counsel's knowledge, information, and belief, formed after a reasonable inquiry, true, correct, and complete.

Respectfully submitted,

**Amy Beth Clark**
Texas Bar No. 24043761
Ciment Law Firm, PLLC
221 Bella Katy Dr., Katy, Texas 77494
Tel: 833-663-3289
Email: amy@cimentlawfirm.com
*ATTORNEY FOR PLAINTIFF PERRY ENDSLEY*

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mgl.law
**Martin Golden Lyons**
**Watts Morgan PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT NOACK LAW FIRM PLLC*

**Certificate of Service**

I certify that on May 7, 2026 I served this Joint Report on the parties entitled to notice, via ECF and/or U.S. mail, consistent with the Federal Rules of Procedure and the Local Rules of the United States Court for the Southern District of Texas.

*/s/ Amy Beth Clark*

**Amy Beth Clark**